```
                                        U.S. COURTS
                                        DEC 1 0 2012
                                    Rcvd____Filed____Time____
                                        ELIZABETH A. SMITH
                                      CLERK, DISTRICT OF IDAHO
```

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| Keith A. Brown,<br>Jeremy J. Brown,<br>Cory A. Baugh,<br>Woodrow J. Grant,<br>Steven T. Thompson,<br><br>            Plaintiffs<br><br>VS:<br><br>Miller Brewing Co.,<br>Anheuser-Busch Co.,<br>Adolph Coors Co.,<br>Brown-Furman Co.,<br>American Brands Inc.,<br>Pepsi-colo,(Pepsico),<br>R.J.R. Nabisco,<br>Gallo Winery's,<br>(Ernest and Julio Gallo),<br><br>            Defendants, | 12 - 605 - S  REB<br>NO._____<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT FOR DAMAGES<br><br>COMPLAINT FOR PRODUCT<br>      LIABILITY<br><br>COMPLAINT FOR INJUNCTIVE<br>      RELIEF |

## JURISDICTION AND VENUE

This Court has jurisdiction and venue of this case as the Plaintiffs are residents of the State of Idaho, and therefore this Court has the discretion and power to entertain this action.

The Plaintiffs allege that this Court has personal jurisdiction over this cause of action under the Due Process Clause of the United States Constitution also known as in personam jurisdiction.

The Plaintiff allege that the Defendants who are the manufactures, distillers, and wholesalers of products that contain ethyl alcohol, conduct business in the State of Idaho, and the State of Montana, and the State of Washington, and that these same Defendants are working under the blessing and the seal of a tax stamp of the United States of America, and as such this Court has pendent personal jurisdiction over this case.

This case concerns a controversy of more than twenty dollars. The Constitution of the United States of America, Amendment Seven provides that a trial shall be allowed when the amount in controversy exceeds twenty dollars, therefore, this Court has the jurisdiction to commence such a trial.

The United States Code Title 28, §1332,(c), provides that for Diversity of Citizenship Jurisdiction, (Or, as in this case Corporate Citizenship), a corporation is a citizen of both the State where it is incorporated and the State where it has it's

principle place of business. MacGinnite V. Hobbs, 420 F.3d 1234, (2005).

If a corporation is incorporated in more than one State, then it is a citizen in every State where it is incorporated. However, a corporation will have only one principle place of conducting business. Wachovia Bank V. Schimdt, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797, (2006). (Ordinarily a corporation is a citizen in at most two States. [A] corporation is surely not a citizen in every State in which it maintains a business establishment).

Because the Defendants have their principle place of doing business located in States other than the State of Idaho, and because the Plaintiffs are all citizens of the State of Idaho, Diversity of Citizenship under the United States Code, Title 28, §1348, allows this Court to entertain this case.

Finally, because this case involves the distribution, or sale of an item which is habit forming and addictive, and the Federal Food and Drug Administration, (A federal agency which is regulated by the United States Government), is responsible to the Citizens of the United States to assure that all items sold in this country are not harmful, this places a "Federal Question" before this Court, which confers subject matter jurisdiction upon this Court.

The Subject matter to entertain this case falls within the exact same subject matter as the "Big Five Tobacco Action",

which is in the Federal District Court whereas the Plaintiffs reside. More specifically, the United States Code, Title 28, section 1331, authorizes Civil actions arising under the laws and treaties of the United States; Section 1337 authorizes suits under federal laws regulating commerce; and section 1343 authorizes the Federal Court to hear claims alleging violations of federally guaranteed civil rights.

The United States Code, Section 1332, 1343, and 1348, also provide to this Court jurisdiction to entertain this action, as all parties are diverse from each other.

**PLAINTIFFS:**

| | |
|---|---|
| Keith Allen Brown #18291 | Idaho State Correctional Institution 13500 Pleasant Valley Road Kuna, Idaho 83634 |
| Jeremy Joseph Brown #65625 | Idaho State Correctional Institution 13500 Pleasant Valley Road Kuna, Idaho 83634 |
| Cory Alan Baugh #51574 | Idaho State Correctional Institution 13500 Pleasant Valley Road Kuna, Idaho 83634 |
| Woodrow John Grant #80692 | Idaho State Correctional Institution 13500 Pleasant Valley Road Kuna, Idaho 83634 |
| Steven Todd Thompson #57634 | Idaho State Correctional Institution 13500 Pleasant Valley Road Kuna, Idaho 83634 |

| Defendants | Manufactures, Distills, or Sells: The Below Listed Products: |
|---|---|
| **Anheuser-Busch Co.**............ One Busch Place St. Louis, Missouri 63118 | Michelob Beer; Budweiser Beer; |
| **Adolph Coors Co.**.............. Golden Colorado 80401 | Coors Beer; Killians Beer: Keystone Beer; |
| **Brown-Furman Co.**.............. 850 Dixie Highway Post Office Box 1080 Louisville, Kentucky 40201-1080 | Jack Daniels; Southern Comfort; Canadian Mist; Korbels Brandy; |
| **American Brands Inc.**.......... Jim Beam; 1700 East Putnam Avenue Post Office Box 811 Old Greenwich, Connecticut 06870-0811 | Jim Beam; |
| **Pepsi-Cola Companmy, (pepsico)**...... 1 Pepsi Way Somers, New York 10589 | Stolichnaya Vodka; |
| **R.J.R. Nabisco**................ 300 Galleria Park Way Southeast Atlanta, Georgia 30339 | Jose' Cuervo; |
| **Gallo Wineries;**............... 600 Yosemite Blvd Modesto, California 95354 | Bartles and James Coolers; Wines; |
| **Miller Brewing Co;**............ 4251 West State Street Milwaukee, Wisconsin 53208 | Miller Beer; Miller lite; |

1 | This case is about the failure of the named Defendants to have
2 | any type of label on the product that hey sell to the general
3 | public, that advises the general public that they are purchasing
4 | and that they are consuming a product that is habit forming or
5 | is addictive.
6 | This case is about the named Defendants knowing that they sell
7 | a product that is habit forming and that is addictive, and they
8 | do not warn any of their customers of that fact prior to selling
9 | to those customers the products in question.
10 | All of the products as is named in this complaint have been
11 | consumed by the Plaintiffs at one time or another during the lives
12 | of the named Plaintiffs.
13 | This case is about whether or not the named Plaintiffs have
14 | a right to be warned that they are about to drink a product and
15 | that if they do drink that product they may become alcoholics and
16 | or addicts, who are not then in control of what they will do when
17 | they are under the influence of this product, or what they will do
18 | to purchase more.

**CAUSES OF ACTION**

19 | Each of the Plaintiffs claims to have been harmed by the
20 | conduct of the named Defendants.
21 | The Plaintiffs have submitted sworn affidavits that clearly
22 | and conclusively establishes that they have been sold, by each of
23 | the named Defendants, a product that is habit forming and or a
24 | product that is addictive, and that each of the named Defendants
25 | have not now, nor have they ever, have any type of sticker, or any

type of warning label which would serve to pre-warn the plaintiffs that it is habit forming and addictive.

The Plaintiffs further allege that each of the named Plaintiffs have consumed the named products of the complaint.

The Plaintiffs also allege that each of the named Plaintiffs have become addicted to ethyl alcohol.

The Plaintiffs allege that the products which are Distilled, Manufactured, or Sold by the named Defendants contain ethyl Alcohol.

The Plaintiffs allege that ethyl alcohol is addictive and habit forming when consumed.

The Plaintiffs allege that the named Defendants knew that ethyl alcohol was addictive and or habit forming, and failed to warn the Plaintiffs, and other consumers of this fact.

The Plaintiffs allege that the actions of the Defendants in allowing the named products to be sold, without placing a warning label upon these products, (That it is habit forming or addictive), has placed the lives and the welfare of the Plaintiffs and their families in jeopardy.

The Plaintiffs allege that because of the actions of the Defendants, that the Plaintiffs have become addicted to the products sold, manufactured, or distilled by the Defendants, and furthermore, that because of being addicted to the products sold by the Defendants, the Plaintiffs have done actions which have caused them to become incarcerated for a great portion of

their lives. (Years). The Plaintiffs herein claim that if they had not been addicted to the products sold by the Defendants that they would have lead normal lives as productive members of society, but because they are addicted to the products sold, manufactured, or distilled by the Defendants, they cannot live normal lives, and have been irreparably harmed for the remainder of their lives.

The Plaintiffs also allege that because they have become addicted to the products sold by the Defendants, that they have harmed others in society; and have also harmed their families and loved ones. (Not all harm is physical, but emotional, and financial).

## QUESTIONS POISED TO THE DEFENDANTS

This case is basically very simple, and can easily be solved or settled by having the Defendants answer the following questions:

1) Do you or a company owned by you, manufacture, distill, or sell a product that contains ethyl alcohol; and if so,

2). Is there a warning label on that product that depicts that such product is "habit forming or addictive"?

These are the questions that will be asked and answered during the discovery, and the Trial process of this case.

These questions go right to the heart of the Plaintiff's Complaint.

It is the belief of the Plaintiffs that it is not legal in the United States of America to sell to the public a product that is habit forming and addictive. (Such products must have some type of warning label).

Based upon the facts of this case, the Plaintiffs seek the following relief.

## RELIEF REQUESTED

From each of the named Defendants:

                                            Injunctive Relief as follows:

From all Defendants...................... Order that the named Defendants place a warning label on their products which states that the said same product is habit forming and addictive.

From the Defendants who Sell............ Compensatory Damages as
Manufacture, or Distill a               follows:
Product which contains ethyl
alcohol, and has no warning label      Seven Hundred Million dollars. $700,000,000.

From Defendants who manufacture,........ Punitive damages as
distill, and sell products that         follows:
contain ethyl alcohol, with no
warning label.                          Three Hundred Million dollars. $300,000,00

## NOTICE TO THE COURT

Because of the nature of this action, the amount of damages that could result, it is requested that this Court be made fully aware that the Plaintiffs do in fact fear for their own personal safety, and the safety of their families.

It is fully understood by the Plaintiffs that they have alleged materials in this case which could potentially have the effects of being the largest legal action ever filed in the United States if other potential Plaintiffs become aware of the contents of this action.

Therefore, it is the wishes and the desires of the named Plaintiffs to offer to the Defendants and to this Court the ability to have this case placed in mediation.

This offer of mediation does not mean that the Plaintiffs do not, and will not take this case to a jury trial. It is simply a way and means for the named Defendants to settle this action, and place the proper warning labels on their products.

## OATH OF PLAINTIFFS

Comes now, the above named Plaintiffs, who after being duly sworn and placed upon their oath, who aver and state as follows:

We are the plainiffs to the above action. We have read the Complaint herein. We know the contents of the Complaint, and believe them to be true and correct to the best of our belief, under the laws of perjury as applicable to us as citizens of the United States.

_____  10-31-12
Keith Allen Brown, Plaintiff        Dated

_____  10-31-12
Jeremy Joseph Brown, Plaintiff      Dated

_____  10-31-12
Cory Alan Baugh, Plaintiff          Dated

1

2  _____          11-1-12
3  Woodrow John Grant   Plaintiff               ------
                                                Dated

4  _____          10-31-12
5  Steven Todd Thompson, Plaintiff               ------
                                                Dated

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

23

23

24

25

Prepared By Constitutional Alternatives
For Pro-Se Litigants                       -11-